COURT OF APPEALS OF VIRGINIA


Present:    Judge Kelsey, Senior Judge Hodges and Retired Judge Bumgardner<sup>*</sup>


MICHAEL WAYNE MILLER

                                                              MEMORANDUM OPINION<sup>**</sup>
v.        Record No. 1742-05-4                                      PER CURIAM
                                                                JANUARY 24, 2006
PAGE COUNTY DEPARTMENT OF
  SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF PAGE COUNTY
                              James V. Lane, Judge

            (H. Webb Hudson, Jr., on brief), for appellant.  Appellant
            submitting on brief.[1]

            (Robert Scott Janney; Charles A. Butler, Jr., Guardian *ad litem* for
            the minor child; Janney & Janney, on brief), for appellee.  Appellee
            and Guardian *ad litem* submitting on brief.


        Michael Wayne Miller, father, appeals the trial court's decision and contends the trial court

abused its discretion by refusing (1) his *pro se* motion to discharge his guardian *ad litem* or to

require him to withdraw as counsel, and (2) his motion for a continuance.  We disagree and affirm.

                                        Background

        We view the evidence in the light most favorable to the prevailing party below and grant to

it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).  So viewed, the evidence

---

        <sup>*</sup> Judge Bumgardner participated in the hearing and decision of this case prior to the
effective date of his retirement on December 31, 2005.

        <sup>**</sup> Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant's request to file a supplemental brief *pro se* is denied.

established that Miller was convicted on February 5, 2004 of twenty-two felony counts, including five counts of carnal knowledge, twelve counts of rape, and two counts of sodomy, and was sentenced to eighty-six years imprisonment. On December 8, 2004, this Court denied Miller's petition for appeal regarding these convictions. Meanwhile, on August 4, 2004, the Page County Department of Social Services filed a petition in the Juvenile and Domestic Relations District Court of Page County seeking the termination of Miller's residual parental rights. That court granted the Department's petition, and Miller appealed to the Circuit Court of Page County.

By pretrial order entered on March 30, 2005 as a result of a docket call on February 15, 2005, the case was set for May 31, 2005. Miller, who was continually incarcerated in the penitentiary due to his 2004 convictions, had about three and a half months to prepare for trial and advise his attorney of potential witnesses. The pretrial order required the parties to identify the witnesses fifteen days prior to trial. The record reflects no pretrial naming of witnesses by Miller.

Prior to the presentation of evidence at trial on May 31, 2005, Miller made a *pro se* motion requesting the replacement of his existing court-appointed counsel and guardian *ad litem*. Miller said he had hired his own attorney and "Judge Logan denied me use of my paid lawyer" and forced him to use appointed counsel. Miller claimed he had retained David Downes to be his attorney and that Downes made an appearance on his behalf. The trial judge noted there was no record of Miller ever having retained counsel and noted that he found that claim "hard to believe." The trial judge then asked Miller the basis of the alleged conflict with counsel, noting that he heard Miller's representation of what had happened with his retained counsel which he found "really incredible." Miller gave no other basis for his conflict with his appointed counsel. Noting that he had only heard "a lot of hearsay" in regards to whether Miller had retained counsel, the trial judge denied Miller's motion.

Miller also requested a continuance to obtain witnesses. Miller stated that he had thirty-three witnesses "and not a single one of them was subpoenaed." Miller's attorney represented that he had asked Miller for the names of any witnesses in order to prepare, but had not received any response from Miller. In court, Miller never gave the names of thirty-two of the thirty-three witnesses, and made no representation of what their expected testimony would be or whether they could ever be available for trial. The one witness Miller named was Sharyn Miller, the victim of the felonies for which he was convicted. Miller said the victim of his crimes "needs to be here because they are accusing me of things that didn't happen [like feeding my child tootsie rolls]."

Analysis

The selection of the guardian *ad litem* or court-appointed attorney is left solely with the court. See Code § 8.01-9. The record reflects that Miller was given several opportunities to state the basis of his "conflict" with his court-appointed attorney and guardian *ad litem*. The trial judge heard Miller's complaints about wanting the counsel he allegedly had retained and stated that he found Miller's statement "hard to believe." The court was entitled to give Miller's request and supporting reasons whatever weight it deemed proper, and proceed at its discretion. The court was not bound by Miller's demand or request. See Hummel v. Commonwealth, 219 Va. 252, 258, 247 S.E.2d 385, 388 (1978) (Constitution does not guarantee that the defendant will be represented by a particular attorney; it does guarantee that he will be adequately represented by a competent attorney). The trial judge did not abuse his discretion by denying Miller's motion to discharge his guardian or to require him to withdraw as counsel.

"Whether to grant or deny a continuance of a trial is a matter that lies within the sound discretion of a trial court, and its ruling will not be reversed on appeal unless it is plainly wrong." Cardwell v. Commonwealth, 248 Va. 501, 508, 450 S.E.2d 146, 151 (1994).

> A defendant's right to call for evidence in his favor guarantees him
> sufficient time to investigate and evaluate the evidence in

preparation for trial. However, the need to investigate and evaluate the evidence and the prejudice allegedly resulting from the denial of a continuance cannot be based upon mere speculation. Thus, absent a showing of prejudice to a defendant by the denial of a continuance, an appellate court will not find that a trial court abused its discretion.

Id. at 509, 450 S.E.2d at 151.

The record does not support the conclusion that the victim or the other thirty-two unnamed witnesses were material witnesses. Any prejudice resulting from the denial of the continuance would be based, therefore, on mere speculation. Moreover, there was a lack of due diligence in obtaining the presence of any of these witnesses. The court did not abuse its discretion in refusing Miller's motion for a continuance in order to obtain the presence of missing witnesses.

Accordingly, we affirm the judgment.

Affirmed.